RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/17/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GARY ERVIN | DOCKET NO. 1:14-CV-217; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| USP - POLLOCK | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* petition for writ of habeas corpus of Gary Ervin, filed pursuant to 28 U.S.C. §2241. Petitioner is in the custody of the federal Bureau of Prisons, incarcerated at the United States Penitentiary at Pollock, Louisiana. Petitioner challenges a disciplinary conviction that resulted in the loss of good-time, disciplinary segregation, and the loss of privileges. Ervin requests that the disciplinary conviction be expunged, that his good time be restored, and that the lost privileges be reinstated.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the reasons that follow, it is recommended that relief be denied and the petition be dismissed.

### Background and Factual Allegations

On February 14, 2012, an internal investigation was completed in which it was determined that Petitioner was planning to introduce narcotics into the institution by providing instructions to his approved visitor on how to obtain, conceal, and ship

narcotics inside mail designed to appear as legitimate legal mail. Petitioner's telephone and email accounts were monitored, and Petitioner was alleged to have used coded/veiled language to provide instructions to outside individuals to supply narcotics to be introduced to USP Canaan through the mail.

Petitioner was charged with three code violations for attempting to introduce narcotics into the prison; the use of mail for an illegal purpose; and the use of the telephone to further criminal activity. He was provided written notice of the charge on February 14, 2012, and he was advised of his rights by a staff member on February 16, 2012. A disciplinary hearing officer (DHO) hearing was scheduled for February 23, 2012, but was suspended until March 30, 2012, so that the Staff Representative would be available.

At the hearing, Petitioner made a statement on his own behalf. He stated,

> "I got nothing to do with this. I don't know the guy that was charged with this. This guy was doing it since May. Clearly it is what I said. I said send my kids costumes. A lot of my calls dealt with legal issues. I never said drugs were serious. The calls are inaccurate. I don't see how I'm implicated in it. I called on November third if he got his package. It don't make sense."

The DHO report is forty-eight pages long and includes transcripts of numerous telephone calls and emails from July 2011 through November 2011, from accounts belonging to Inmate Christopher Wills and the Petitioner. Based on the transcripts and the reports of

the investigating officers, Petitioner was found guilty of the disciplinary infractions.

### Law and Analysis

Federal prisoners have a liberty interest in their accumulated good-time credit. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000). Since Petitioner claims that he lost good time credits, the analysis approved by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974), and Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445 (1985), governs the contested disciplinary proceeding.

In Wolff, the Court held that, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 555-556. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation, (2) an opportunity to present evidence, (3) written findings in support of the ruling, and (4) the requirement that upon review, "some evidence" support the ruling. Hill, 472 U.S. at 454; Wolff at 556.

In this case, Petitioner complains that the DHO deprived him of "documentary evidence essential to his defense." He claims that the transcripts of the telephone calls attributed to him were inaccurate, incomplete, or perjured. He also claims that the DHO deprived him of his right to present a defense and that the evidence was insufficient to support the finding of guilt. Petitioner does not challenge the notice of the alleged violations, and he does not claim that there were no written findings in support of the ruling. He was provided an opportunity to present evidence.

Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited, and due process requires only "some evidence" to support the conviction. Hill, 472 U.S. at 457. The Supreme Court has determined that ascertaining sufficiency of the evidence does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455. Determining the credibility of the testimonies presented at the hearing is left to the discretion of the disciplinary hearing officer. See Hudson v. Johnson, 242 F.3d 534, 536-537 (5th Cir. 2001).

The information provided in a written incident report standing

alone can satisfy the "some evidence" standard for purposes of procedural due process. Id. at 537. Prison disciplinary convictions are to be overturned only where **no evidence** in the record supports the decision. See Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001).

In this case, Petitioner received proper notice, a staff representative, and the right to present a statement and submit documentary evidence. The DHO report contains numerous pages of transcripts from a five month long investigation that implicate Petitioner and support a finding of guilt. Therefore, it cannot be said that "there is no evidence whatsoever to support the decision of the prison officials." See Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994)("[P]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials."); see also Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001).

*Conclusion*

**For the forgoing reasons, IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or

responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNE** in chambers, in Alexandria, Louisiana, on this 17th day of April, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE